UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


BRIAN ABNEY ET AL.                                         CIVIL ACTION

VERSUS                                                     NO: 09-7138

CITY OF GRETNA ET AL.                                      SECTION: "S" (2)


## ORDER

**IT IS HEREBY ORDERED** that the plaintiffs' motion to remand is **GRANTED**, and the case is **REMANDED** to Civil District Court for the Parish of Orleans, State of Louisiana. (Document #10.)

The plaintiffs contend that the notice of removal filed by the City of Gretna and Arthur S. Lawson, Jr., is procedurally defective because all defendants have not joined or filed written consent to the removal, and the notice of removal does not provide a short and plain statement of the reasons why the consent of all defendants is not required.

Removal procedures are governed by 28 U.S.C. § 1446, which provides:

(a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process pleadings, and orders served upon such defendant or defendants in such action.

"This statute has been interpreted to require that all then served properly joined defendants join in the removal petition. . . . Defendants (at least those not citizens of the forum state) who are unserved when the removal petition is filed need not join in." Getty Oil Corp. a Div. of Texaco, Inc. v. Ins. Co. of North America, 841 F.2d 1254, 1262 n.9 (5th Cir. 1988). The petition for removal shall be filed within thirty days after the defendant receives a copy of the initial pleading setting forth the claim. 28 U.S.C. § 1446(b). "In cases involving multiple defendants, the thirty-day period begins to run as soon as the first defendant is served (provided the case is then removable)." Getty Oil Corp., 841 F.2d at 1262-63. "[A]ll served defendants must join in the petition no later than thirty days from the day on which the first defendant was served." Id. at 1263. "This rule . . . promotes unanimity among the defendants without placing undue hardships on subsequently served defendants." Id. "[T]here must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action." Id. n.11. The defendant's failure to join in the removal petition within this thirty-day period could render removal improvident within the meaning of 28 U.S.C. § 1447(c)." Id. at n.12.

The City of Gretna and Police Chief Lawson state in the notice of removal that they "have obtained consent from all other defendants in this case: Newell D. Normand, Michael Al Helmstetter, Sr., and the State of Louisiana, Department of Transportation and Development. There is no written indication from the served defendants that each actually consented, that

2

counsel was formally acting on their behalf, or that counsel was authorized to consent on behalf of these defendants. Because all served defendants did not join in the removal within thirty days after the date on which the first defendant was served, the procedural requirements for removal have not been met. The case is remanded to Civil District Court for the Parish of Orleans, State of Louisiana. Each party is to bear its own costs.

New Orleans, Louisiana, this __17th__ day of December, 2009.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**